UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERESA J. TAYLOR, | ) | CASE NO. 4:08 CV 0047 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| vs. | ) | |
| | ) | |
| MINH HOANG SON, | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

On January 7, 2008, plaintiff pro se Teresa Taylor filed this in forma pauperis action against defendant Minh Hoang Son. The complaint accuses the defendant of rape, kidnaping, child abuse and assault. Ms. Taylor seeks $10 million in damages, as well as full custody of her children.

For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e), and plaintiff is enjoined from filing any new lawsuits or other documents in this court without seeking and obtaining leave to do so. Further, the Clerk is instructed not to accept or file any further documents in this action.

Ms. Taylor alleges that from 1992 until the present, defendant Hoang Son physically and mentally abused her. For three years thereafter, she and Mr. Son lived together "as husband and wife." There are numerous allegations that Mr. Son abused and neglected the plaintiff and her children. He repeatedly attempted to extort money from the plaintiff based on the threat that he

would take plaintiff's children to Vietnam and "leave them there because the people there don't like half bred children." (Compl. at 1.) In spite these acts of abuse, the children are now allegedly in the custody of Mr. Son. Ms. Taylor claims he has violated the First, Fourth, Fifth, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments of the Constitution, as well as 18 U.S.C. §§ 41, 49, 51 & 55, the Violence Against Women Act of 1994, and the Universal Declaration of Human Rights "1-30." She seeks an order restraining Mr. Son from contacting her, full custody of her children and $10 million in damages.

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court shall dismiss a claim under section 1915(e) if the claim is frivolous.[1] A claim is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990).

This action lacks an arguable basis in law. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446

---

[1] 28 U.S.C. § 1915(e) states, in pertinent part:

> [T]he court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ... .

A frivolous claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. See McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (court should screen all cases under section 1915(e); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Given the most liberal construction, the complaint does not contain allegations which might give rise to a valid federal claim for relief against this defendant.

The court takes judicial notice of its own records in observing that this is the ninth frivolous lawsuit filed by plaintiff in this court.[2] Morever, Ms. Taylor routinely appeals these lawsuits to the Sixth Circuit. There are also four additional cases she filed pending review in this court.[3] Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to

---

[2] The previous lawsuits dismissed as frivolous in this court are: Taylor v. Bouzounis, et al., 5:07 CV 2696 (N.D. Ohio 2007); Taylor v. Frisby, 5:07 CV 2698 (N.D. Ohio 2007), appeal docketed, No. 08-3093 (6th Cir. Jan. 25, 2008); Taylor v. Allen Cty Children's Serv., 5:07 CV 2699 (N.D. Ohio 2007), appeal docketed, No. 08-3162 (6th Cir. Feb. 15, 2008); Taylor v. Waldick, 5:07 CV 2700 (N.D. Ohio 2007), appeal docketed, No. 08-3211 (6th Cir. Feb. 27, 2008); Taylor v. State of Ohio, 5:07 CV 2774; Taylor v. Allen Cty. Sheriff's Dept., 3:07 CV 2846(N.D. Ohio 2007), appeal docketed, No. 08-3044 (6th Cir. Jan. 15, 2008); Taylor v. Elegant Angel, et al., 5:07 CV 3192 (N.D. Ohio 2007), appeal docketed, No. 08-3092 (6th Cir. Jan. 25, 2008); Taylor v. Brown, et al., 3:07 CV 3212 (N.D. Ohio 2007), appeal docketed, No. 08-3174 (6th Cir. Feb. 19, 2008); and Taylor v. F.B.I., 5:08 CV 0004.

[3] The pending cases in this District are as follows: Taylor v. Cleveland Clinic, 1:08 CV 0193 (Gwin, J.); Taylor v. Vivid Video et al., 5:08 CV 0274 (Lioi, J.); Taylor v. McClain, 4:08 CV 0282 (Adams, J.); Taylor v. Taylor, 3:08 CV 0287 (Zouhary, J.).

enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted).[4]

Plaintiff has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and abuse the judicial process. Accordingly, Teresa J. Taylor is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court from the Miscellaneous Duty Judge in accordance with the following:

> 1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document she proposes to file and she must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by her in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.
>
> 4. As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further,

---

[4] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further harassment of the court by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Teresa Taylor prior to her obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, CIS forms, cover sheets, <u>in forma pauperis</u> applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Ms. Taylor files, **unless and until leave is granted.**

Accordingly, plaintiff's request to proceed <u>in forma pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 3/20/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE